Mr. Justice BRADLEY
(with whom concurred Mr. Justice DAVIS), dissenting.
I dissent from the opinion of the court just read. In my judgment it was not the intention of Congress to extend the internal revenue law to the Indian territory. That territory is an exempt jurisdiction. Whilst the United States has not relinquished its power to make such regulations as it may deem necessary in relation to that territory, and whilst Congress has occasionally passed laws affecting -it, yet by repeated treaties the government has in effect stipulated that in all ordinary cases the Indian populations shall be autonomies, invested with the power to make and execute all laws for their domestic government. Such being the case, all laws of a general character passed by Congress will be considered as not applying to the Indian territory, unless' expressly mentioned. An express law creating certain special rights and privileges is held never to be repealed by implication by any subsequent law couched in general terms, nor by any express repeal of all laws inconsistent with such general law, unless the language be such as clearly to indicate the intention of the.legislature to effect such repeal. Thus it was held by the Supreme Court of New Jersey in The State v. Brannin* that whilst the provisions of a city charter, it being a municipal corporation, may be repealed or altered by the legislature at will, yet a general statute repealing all acts contrary to its provisions will not be held to repeal a clause in the charter of such a municipal corporation upon the same subject-matter and inconsistent therewith. The same point is decided in numerous other cases. For example, when a railroad charter, subject to repeal, *623 exempted the company from all taxation except a certain percentage on the cost of its works, it was held that this exemption was not'repealed by a subsequent general tax law, enacting that all corporations should be taxed for the full amount of their property as other persons are taxed, and repealing all laws inconsistent therewith. But where the repealing, clause in the general law repealed all laws inconsistent therewith, whether general or local and special, it was held that it did repeal the special exemption.* In every case the intent of the legislature is to be sought, and in the case of such special and local exemptions the general rule for ascertaining whether the legislature does or does not intend to repeal or affect them, is to inquire whether they are expressly named; if not expressly named, then whether the language used is such, nevertheless, as dearly to indicate the legislative intent to repeal or affect them.
In the case before the court, I hold that there is nothing to indicate such a legislative intent. The language used is nothing but general language, imposing a general system of requirements and penalties on the whole country. Had it been the intent of Congress to include the Indian territory, it would have been very easy to say so. Not having said so, I hold that the presumption is that Congress did not intend to include it.
The case before us is, besides, a peculiar one. The exempt jurisdiction here depends on a solemn treaty entered into between the United States government and the Cherokee nation, in which the good faith of the government is involved, and not on a mere municipal law. It is conceded that the law in question cannot be extended to the Indian territory without an implied abrogation of the treaty pro tanto. And the opinion of the court goes upon the principle that Congress has the power to supersede the provisions of a treaty. In such a ease there are peculiar reasons for applying with great strictness the rule that-the exempt jurisdiction must .be expressly mentioned in order to be affected.
*624 This view is strengthened by the fact that there is territory within the exterior bounds of the United States to which the language of the 107th section of the recent act can apply, without applying it to the Indian territory, to wit, the territory of Alaska. And it does not appear by the record that there are not other districts within the general territory of the United States which are in like predicament.
The judgment, according to these views, ought to be reversed*
The CHIEF JUSTICE, and NELSON and FIELD, JJ., did not hear the argument.

 3 Zabriskie, 484.

 The State v. Minton, lb. 529.